```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND ROBERSON, et al.         :      CIVIL ACTION
                                 :
         v.                      :
                                 :
POST COMMERCIAL REAL ESTATE      :
LLC d/b/a, a/k/a POST COMMERCIAL :
REAL ESTATE                      :      NO. 13-6730
```

MEMORANDUM

Bartle, J.                                            April 22, 2014

       Plaintiff Lamar Love, an African-American, has sued his former employer and various employees for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951.  Plaintiff had been an assistant maintenance supervisor at an apartment complex on West Rittenhouse Street in Philadelphia.

       The defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim or, in the alternative, for summary judgment under Rule 56.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The gravamen of the motion is a release signed by the plaintiff on March 14, 2013, the date he was terminated.  Plaintiff counters that the release is not enforceable.  Since there are affidavits submitted by both sides as well as documents outside the complaint on which the parties rely, it is appropriate to treat the motion as one for summary judgment.

In order for a release of discrimination claims to be valid in the employment context, the release must be knowing and voluntary. Gerhart v. Exelon Corp., 461 F. App'x 143, 146 (3d Cir. 2012). The totality of the circumstances surrounding the execution of the release must be considered in making this determination. Our Court of Appeals has emphasized the strong public policy against employment discrimination and as a result requires "a careful evaluation" of the circumstances surrounding the signing of any release. In Cirillo v. ARCO Chemical, 862 F.2d 448 (3d Cir. 1988), superseded by statute on other grounds, the court set forth an extensive but non-exclusive list of factors in evaluating the totality of the circumstances and eschewed any analysis under "ordinary contract principles." Id. at 451.[1]  See also Cuchara v. Gai-Tronics Corp., 129 F. App'x 728, 731 (3d Cir. 2005); Coventry v. U.S. Steel Corp., 850 F.2d 515, 523 (3d Cir. 1988); Morris v. The Penn Life Mutual Life Ins. Co., No. 87-7063, 1989 U.S. Dist. Lexis 1690, *4-5 (E.D. Pa. Feb. 21, 1993).

One of the factors to be considered is "the clarity and specificity of the release language." Another is "whether

---

1. Cirillo dealt with a claim under the Age Discrimination in Employment Act ("ADEA"). Since the Cirillo decision, the ADEA statute has been amended to add its own provision applicable to a release and thus supersedes the Cirillo decision with respect to ADEA claims. 29 U.S.C. § 626(f)(3); see also Long v. Sears Roebuck & Co., 105 F.3d 1529, 1539 (3d Cir. 1997). Notwithstanding the amendment to the ADEA, Cirillo's holding is still valid with regard to race-based discrimination claims. See, e.g., Gregory v. Derry Twp. Sch. Dist., 418 F. App'x 148 (3d Cir. 2011).

plaintiff was encouraged to seek or in fact received benefit of counsel."  The release, at least on its face, is clear and specific and appears to satisfy these prongs of the test.  It states that plaintiff is waiving his rights under a number of statutes and laws, including Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.  It provides for a severance payment for plaintiff which he received.  The release also delineates that plaintiff had 21 days to consider the release before signing it and the right to cancel it at any time within 7 days after signing it.  The release further reads that he had been advised to consult with an attorney or legal advisor.

Several of the other factors the court must consider are "the plaintiff's education and business experience" and "the amount of time plaintiff had for deliberation about the release before signing it."  Plaintiff avers in an affidavit that while he completed the 12th grade, he has a learning disability.  He also states that he was never presented with the entire release in advance and saw only the one page he signed on the date of his termination.  According to plaintiff, he was told by several defendants that if he did not sign the form he would not be eligible for unemployment benefits.  An affidavit submitted by one of the defendants contradicts much of what plaintiff states.

On the record before us, without analyzing the other factors cited in Cirillo, there are genuine disputes of material fact concerning the release's execution.  Cirillo, 862 F.2d at 451; Fed. R. Civ. P. 56(a).  We cannot determine at the summary

judgment stage based on the totality of the circumstances whether plaintiff has knowingly and voluntarily waived his race discrimination claims under Title VII and the Pennsylvania Human Relations Act.

Accordingly, defendants' motion to dismiss or, in the alternative, for summary judgment will be denied.