IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND ROBERSON, et al.  :  CIVIL ACTION
    v.  :
POST COMMERCIAL REAL ESTATE  :
LLC, et al.  :  NO. 13-6730

MEMORANDUM

Bartle, J.                                                  May 1, 2015

        Plaintiffs Raymond Roberson ("Roberson") and Lamar Love ("Love") have filed this action against their former employer Post Commercial Real Estate, LLC ("PCRE"), also known as Post Brothers Apartments ("Post Brothers").[1] Plaintiffs allege race discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") in connection with their March 2013 termination from PCRE. Plaintiffs also plead that defendant created a hostile work environment and engaged in a pattern and practice of discrimination in violation of Title VII and the

---

1. While plaintiffs plead that Post Brothers is a "corporation/business entity," defendants deny that it is a corporate entity and characterize it instead as "a fictitious name." We will treat PCRE and Post Brothers as one and the same, and will refer to the two collectively as "defendant" or "PCRE" in this memorandum.

PHRA.[2] PCRE, for its part, has raised counterclaims against Love, alleging breach of contract and unjust enrichment.

By agreement of the parties, we previously dismissed plaintiffs' claims against four individual defendants affiliated with PCRE as well as plaintiffs' claims for punitive damages. Now before the court is the motion of PCRE for summary judgment on all of plaintiffs' remaining claims pursuant to Rule 56 of the Federal Rules of Civil Procedure.

I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).[3]

---

2. Plaintiffs do not plead their hostile work environment and "pattern and practice" claims as separate counts in their complaint. Instead, those claims are integrated into in the complaint's general factual allegations.

3. Rule 56(c)(1) states:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or

A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the plaintiffs. Id. at 252. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id.

When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999). We view the facts and draw all inferences in favor of the nonmoving party. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004). However, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990).

---

that an adverse party cannot produce
admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

II.

We first turn to plaintiffs' claim that PCRE created a hostile work environment in violation of Title VII and the PHRA. The following pertinent facts are undisputed or viewed in the light most favorable to the plaintiffs as the nonmovants.

Defendant PCRE is a Pennsylvania company which owns and manages residential apartment complexes in the Philadelphia area. Its chief executive officer is Michael Pestronk ("Pestronk") and its vice president is Yvette Stewart ("Stewart"). During the relevant time period Roberson, who is African American, worked for PCRE as a maintenance supervisor while Love, who is also African American, was employed as an assistant maintenance supervisor.

Several incidents which occurred during plaintiffs' time as PCRE employees now serve as the basis for their hostile work environment claim. First, both plaintiffs were told by a coworker that Pestronk, PCRE's chief executive officer, had remarked that the company needed to "whiten the place up" by hiring more Caucasian workers. Second, according to Roberson, Stewart, who is African American, used a racial slur to describe herself during a meeting with PCRE's maintenance staff. Stewart vigorously denies having done so. Third, both plaintiffs heard an unidentified employee in PCRE's corporate office compare a group of African American maintenance staff to a police lineup. Finally, Love was

informed by two new employees, both of whom were Caucasian, that a PCRE supervisor had warned them to "stay away from" plaintiffs.

Roberson also believes, and has testified, that he was singled out and harassed by PCRE's management during his time with the company. Roberson stated that his supervisors "would come and just throw all their stuff on my lap, and then when I tried to get it done in a timely manner, they would yell at me and harass me." He also recalled that two of his supervisors "both had a very nasty disposition" and "would yell at you and embarrass you in front of people." Roberson raised concerns about his treatment in at least one conversation with his superiors. There is no evidence, however, that the treatment described by Roberson was in any way linked to his race.

In order to establish a prima facie case of hostile work environment, a plaintiff must bring forward evidence of five factors: "(1) he suffered intentional discrimination because of his [race]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (citation omitted) (alteration in original). A hostile work environment claim cannot be sustained when it is based on no more than "offhanded comments, and isolated incidents (unless extremely serious)." Id. (quoting

Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998)).  The conduct must instead be so extreme that it "amount[s] to a change in the terms and conditions of employment." Id.  In determining whether conduct meets this threshold, we must consider "the totality of the circumstances." Id. (quoting Andrews v. City of Phila., 895 F.2d 1469, 1482 (3d Cir. 1990)).  Accordingly, our analysis "must concentrate not on individual incidents, but on the overall scenario." Cardenas v. Massey, 269 F.3d 251, 261 (3d Cir. 2001) (internal citation omitted).

Having carefully reviewed the record and the "overall scenario" complained of by plaintiffs, we conclude that they are unable to make out a prima facie hostile work environment claim. See Cardenas, 269 F.3d at 261.  Crucially, the record contains no evidence that the conduct of which plaintiffs complain was "pervasive and regular." See Caver, 420 F.3d at 262.  To the contrary, plaintiffs point specifically to only four occasions where purportedly derogatory racial comments were made.  Assuming there are no hearsay issues and considering all of the statements described by plaintiffs, we conclude that they are not sufficient to support a hostile work environment claim.  The remarks to which plaintiffs draw our attention are precisely the type of "offhanded comments . . . and isolated incidents" which our court of appeals has found insufficient to give rise to a claim of hostile work environment.  See id.  There is nothing in the record on which

plaintiffs rely to show that those remarks brought about "a change in the terms and conditions of [their] employment." See id.

Plaintiffs have similarly failed to establish a prima facie hostile work environment claim on the basis of defendant's alleged harassment and singling-out of Roberson. While it is clear that Roberson frequently clashed with his superiors, plaintiffs have made no showing that this state of affairs rose to the level of "intentional discrimination because of" Roberson's race. See Caver, 420 F.3d at 262. As defendant has noted, "[t]he law does not guarantee employees a perfect, or even pleasant, workplace." Reynolds v. Port Auth. of Allegheny Cnty., No. 08-268, 2009 WL 1837917, at *8 (W.D. Pa. June 26, 2009).

In sum, we conclude that a reasonable jury could not find defendant liable for the creation of a hostile work environment. Accordingly, we will grant defendants' motion for summary judgment on this claim.

### III.

We turn next to plaintiffs' claim that PCRE engaged in a pattern and practice of discrimination. As discussed above, this claim is not framed as a separate court in plaintiffs' complaint, but is integrated into their other allegations.[4] As a result, it

---

4. Specifically, plaintiffs charge in paragraph 57 of their complaint that "defendant[] pursued a policy and engaged in a pattern and practice of discrimination with respect to plaintiffs due to plaintiffs' race."

is not clear whether plaintiffs intend for this claim to support the Title VII and PCRE counts in their complaint, or whether they intend to pled a pattern and practice of discrimination as a separate claim. PCRE argues that insofar as plaintiffs' "pattern and practice" allegations do amount to a freestanding claim, that claim must fail because "pattern and practice" claims are not available to individual plaintiffs outside of the class action context. Plaintiffs muster no argument in response.

Individual plaintiffs may allege the existence of a "pattern or practice" of discrimination when they do so to support claims of race discrimination under Title VII. They may not, however, plead a "pattern or practice" of discrimination as a stand-alone claim. While our Court of Appeals has not addressed whether individual plaintiffs may raise such claims, every other circuit to consider the issue has concluded that "pattern or practice" claims are only available in the class action context. See, e.g., Duffy v. Sodexho, Inc., No. 05-5428, 2008 WL 4919399, at *16 (E.D. Pa. Nov. 17, 2008); see also Galloway v. Islands Mech. Contractor, Inc., No. 2008-071, 2013 WL 163811, at *3 (D.V.I. Jan. 14, 2013) (citing Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135 (2d Cir. 2012); Semsroth v. City of Wichita, 304 F. App'x 707, 715 (10th Cir. 2008); Davis v. Coca-Cola Bottling Co. Consol., 516 F.2d 955, 967-69 (11th Cir. 2008); Bacon v. Honda of Am. Mfg., 370 F.3d 565, 575 (6th Cir. 2004); Celestine v. Petroleos de Venezuella SA,

266 F.3d 343, 355-56 (5th Cir. 2001); Gilty v. Vill. Of Oak Park, 919 F.2d 1247, 1252 (7th Cir. 1990); Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999)).

We reiterate that plaintiffs do not make clear whether their allegation of a "pattern and practice" of discrimination is meant as a freestanding claim or as support for plaintiffs' race discrimination claims. Insofar as that allegation constitutes an independent claim and not an averment in support of other claims, we will grant PCRE's motion for summary judgment as to the "pattern and practice of discrimination" alleged in the complaint.

IV.

Having addressed plaintiffs' hostile work environment and "pattern and practice" claims, we now deal with their claim that their termination from PCRE constituted race discrimination in violation of Title VII and the PCRA. The record reveals genuine disputes of material facts surrounding the termination of both plaintiffs. Accordingly, we will deny the motion of PCRE for summary judgment insofar as it relates to plaintiffs' race discrimination claims under Title VII and the PHRA.